```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                       :
IVETTE Z. CORDERO,                                     :
                                                       :
                              Plaintiff,               :   11 Civ. 5020 (PAE) (HBP)
               -v-                                     :
                                                       :   OPINION & ORDER
                                                       :
MICHAEL J. ASTRUE, Commissioner of Social Security,    :
                                                       :
                              Defendant.               :
------------------------------------------------------------------------X
```

PAUL A. ENGELMAYER, District Judge:

Plaintiff Ivette Cordero brings this action pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security denying her application for disability benefits under Title II of the Social Security Act. Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Before the Court is the January 2, 2013 Report and Recommendation of Magistrate Judge Henry B. Pitman, recommending that the Court grant the Commissioner's motion and deny Cordero's motion (the "Report"). For the reasons that follow, the Court adopts the Report in full.

**I.     Background**

On May 23, 2008, Cordero filed an application for disability benefits, alleging that she had been disabled since February 12, 2003. After the Social Security Administration initially denied Cordero's application for benefits, she timely requested and was granted a hearing before an Administrative Law Judge ("ALJ"). On June 30, 2010, the ALJ conducted a hearing, which included testimony from both Cordero and a vocational expert. On September 9, 2010, the ALJ issued a decision finding that Cordero was not disabled and thus was not entitled to benefits.

The Appeals Council denied Cordero's request for review, and on July 11, 2011, Cordero commenced this action. Dkt. 2.

On August 16, 2011, Honorable Barbara S. Jones, to whom the case was then assigned, referred the case to Judge Pitman. Dkt. 3. On June 7, 2012, the Commissioner moved for judgment on the pleadings. Dkt. 10. On June 22, 2012, Cordero cross-moved for judgment on the pleadings. Dkt. 12 ("Cordero Br."). On January 2, 2013, Judge Pitman issued the Report. Dkt. 15. On January 23, 2013, Cordero filed objections to the Report. Dkt. 17 ("Cordero Obj."). On February 12, 2013, the Commissioner filed a response to Cordero's objections. Dkt. 18. On May 29, 2013, the case was reassigned to this Court.

## II.     The Report

Judge Pitman's 63-page Report sets forth Cordero's personal and medical background in exhaustive detail. *See* Report 3–28. To summarize, Cordero worked as a nurse's aide for 23 years and a mail carrier for nine years before ceasing work in 2003. Beginning in 2001, Cordero made frequent visits to physicians regarding various health issues, including lower back pain, carpal tunnel syndrome, heart palpitations, diabetes, and depression. In October 2003, she ceased her employment with the United States Postal Service due to "heart fibrilliations." She continued to be treated by various physicians through the time of her application for benefits in 2008, and up to the time of her 2010 hearing before the ALJ. Cordero does not object to the Report's recitation of the facts, and the Court adopts that recitation in full.

The Report also sets forth the proceedings before the ALJ in great detail. *See* Report 28–34. Cordero testified about her work history and her physical and psychological symptoms. *See id.* at 28–31. The ALJ also heard from Salvatore Garozzo, a vocational expert who testified as to Cordero's ability to perform different occupations, ultimately opining that Cordero could

2

perform three suitable jobs existing in the economy in sufficient numbers: housekeeper, assembly worker, and electronics assembly worker. *Id.* at 31–33.

The Report then recounted the ALJ's decision. After finding that Cordero met the disability insured status requirement through December 31, 2008 (her last insured date), the ALJ conducted the five-step analysis required in evaluating disability claims. Report 41–47; *see Balsamo v. Chater*, 142 F.3d 75, 79–80 (2d Cir. 1998) (setting forth five-step analysis). Relevant here, the ALJ found at step four of the analysis—which involves an inquiry into the claimant's residual functional capacity, *i.e.*, "the most [the claimant] can still do despite [her] limitations," *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)—that Cordero had the residual functional capacity to perform "light work . . . that did not entail greater than occasional interaction with members of the public." Report 42 (quoting Transcript of ALJ Decision ("Tr.") at 29). The ALJ determined that Cordero could lift and carry 20 pounds occasionally and 10 pounds frequently, and could stand or walk for a total of six hours during an eight-hour work day. *Id.* The ALJ also considered Cordero's mental conditions, concluding that although the evidence showed "intermittent manifestations of a depressive disorder, an anxiety disorder, and alcohol abuse," these conditions "resulted in no limitations of [Cordero's] activities of daily living; a moderate restriction in terms of social functioning; and a mild limitation for maintaining concentration, persistence and pace." *Id.* (quoting Tr. 29). Thus, "[t]he evidence simply [did] not corroborate allegations of mental compromise that would have been preclusive of any work-related activity." *Id.* (quoting Tr. 30).

At step five—which, if the claimant cannot perform her past work, involves inquiring into what other work the claimant can perform, *see Balsamo*, 142 F.3d at 80—the ALJ found that based on Cordero's age, education, work experience, and residual functional capacity, Cordero

could perform at least three jobs that existed in significant numbers in the national economy. Report 46. Thus, the ALJ concluded, Cordero was not disabled under the Social Security Act.

After summarizing Cordero's arguments, *see* Report 47–49, the Report analyzed the ALJ's decision. The Report found that the ALJ had applied the correct legal standards, and that the ALJ's decision was supported by substantial evidence. *Id.* at 49–61.

## III.   Discussion

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008); *see* 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess*, 537 F.3d at 127 (citation omitted).

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a party timely objects to a report and recommendation, the district court reviews those portions of the report to which the party objected *de novo*. *Id.* To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Carlson v. Dep't of Justice*, No. 10 Civ. 5149 (PAE)(KNF), 2012 WL 928124, at *1 (S.D.N.Y. Mar. 19, 2012) (citation omitted); *see also Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). "[I]t is well-settled that when the objections simply reiterate previous arguments or make only conclusory statements, the Court should review the report for clear error." *Dickerson v. Conway*, No. 08 Civ. 8024 (PAE)(FM), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013);

*accord Kirk v. Burge*, 646 F. Supp. 2d 534, 538 (S.D.N.Y. 2009) (collecting cases). That is, "[r]eviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

Cordero's objections, which were submitted by counsel, are perfunctory. In a brief document that lacks citation to a single legal authority, Cordero rehashes her previous arguments in vague and conclusory terms. Accordingly, the Court reviews the Report for clear error. It finds none: Judge Pitman's Report is detailed, balanced, and persuasive.

To the extent any specific objections can be discerned from Cordero's submission that would trigger *de novo* review, they are exceedingly unpersuasive. First, Cordero appears to argue that the ALJ erred in his determination that Cordero could perform certain jobs, by not giving sufficient weight to testimony about Cordero's mental health problems that would limit her ability to function on a daily basis. *See* Cordero Obj. 1–4. But this is precisely what she argued previously. *See* Cordero Br. 16. And, in any event, as the Report explains, *see* Report 52–55, the ALJ made his findings as to Cordero's medical condition based primarily on his consideration of the testimony of Dr. Heprin and Dr. Guidici. It was not error to decline to give "significant probative weight," *see* Tr. 29, to the opinion of social worker Marie Brown: An ALJ is not required to give controlling weight to a social worker's opinion; although he is not entitled to disregard it altogether, he may use his discretion to determine the appropriate weight. *Genovese v. Astrue*, No. 11-CV-02054 (KAM), 2012 WL 4960355, at *15 (E.D.N.Y. Oct. 17, 2012). Nor was it error not to grant "significant probative weight" to Dr. Gapay's assessment of Cordero's inability to work, as it was vague and embraced the ultimate issue to be decided by the

ALJ.  *See* 20 C.F.R. § 404.1527(d)(1).  Cordero argues that if Dr. Gapay's testimony "was too vague for the ALJ, he should have contacted the doctor for a clarification."  Cordero Obj. 5.  That is incorrect.  *See Micheli v. Astrue*, 501 F. App'x 26, 29 (2d Cir. 2012) (summary order) ("Micheli argues that to the extent Dr. Tracy's opinion was unsupported or internally inconsistent, the ALJ was required to re-contact Dr. Tracy for clarification.  This argument is without merit.  The mere fact that medical evidence is conflicting or internally inconsistent does not mean that an ALJ is required to re-contact a treating physician.").

Second, Cordero appears to object to the Report's observation, *see* Report 51, that the ALJ's determination that Cordero could perform light work was consistent with a prior residual functional capacity assessment made by disability examiner Crumb, whom, Cordero notes, is "not a doctor and never even saw the plaintiff."  Cordero Obj. 2.  Cordero does not explain why the Report's passing reference to the consistency between these two determinations undermines the ALJ's determination.  And, in any event, there is no indication that the Report relied on this observation in finding the ALJ's determination to be supported by substantial evidence.

Finally, Cordero objects to the ALJ's failure to account for Cordero's work history in assessing her credibility.  Cordero Obj. 5–6.  But this, too, was previously argued by Cordero, *see* Cordero Br. 8 ("Plaintiffs who have good work histories should be given credence when they describe why they cannot work."), to no avail.  As the Report noted, *see* Report 58, "work history is just one of many factors that the ALJ is instructed to consider in weighing the credibility of claimant testimony."  *Schaal v. Apfel*, 134 F.3d 496, 502 (2d Cir. 1998); *see Wavercak v. Astrue*, 420 F. App'x 91, 94 (2d Cir. 2011) (summary order) ("That Wavercak's good work history was not specifically referenced in the ALJ's decision does not undermine the credibility assessment, given the substantial evidence supporting the ALJ's determination.").

Accordingly, even upon *de novo* review of Cordero's conclusory objections, the Court fully adopts the Report. The ALJ's determination that Cordero was not disabled under the Social Security Act is supported by substantial evidence.

## CONCLUSION

For the reasons stated herein, the Court adopts the Report in full. The Commissioner's motion is granted; Cordero's motion is denied. The Clerk of Court is directed to terminate the motions pending at docket numbers 10 and 12, and to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: July 29, 2013
         New York, New York